**UNITED STATES et al. v. ORSHEK et al.**

No. 13512.

Circuit Court of Appeals, Eighth Circuit.

Dec. 1, 1947.

William H. Lamme, of Fremont, Neb., Walter Wm. Pearson and James R. Phillips, both of Chicago, Ill., Spear & Lamme, of Fremont, Neb., and Murphy, Pearson & O'Connor, of Chicago, Ill., for appellant.

Arthur C. Sidner, of Fremont, Neb. (Yale C. Holland and Edwin Cassem, both of Omaha, Neb., Sidner, Lee & Gunderson and Kennedy, Holland, DeLacy & Svoboda, all of Omaha, Neb., on the brief), for appellees.

Before GARDNER, WOODROUGH and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment dismissing the complaint for improper venue. The parties will be referred to as they were designated in the trial court. The action was one brought under the so-called Miller Act, 40 U.S.C.A. §§ 270a to 270e, inclusive, in the name of the United States of America for the use and benefit of an employee of a subcontractor against the principal contractor and his surety on a bond given to the United States for the protection of persons supplying labor or material in connection with the construction of a war housing project near Alliance, Nebraska. Both defendants were served with summons at Omaha, Nebraska and the complaint was filed in the Omaha Division of the District of Nebraska. Defendants filed a motion to dismiss the complaint on the ground that it appeared from the complaint that all par-

ties were non-residents of the District of Nebraska and that the contract on which the complaint was based was to be performed at Alliance, Nebraska, which is in the Chadron Division of the District of Nebraska, and that the complaint alleged that Francis R. Orshek, doing business as Francis R. Orshek Company, had his place of business in the City of Amarillo, Texas. There is no allegation in the complaint about the residence or citizenship of the defendant Orshek, other than the recital as to his principal place of business. It appears from the memorandum opinion of the trial court that it accepted as true defendants' allegation that it appeared upon the face of the complaint that "All of the parties to the proceeding are non-residents of the State of Nebraska." It appears from the record, however, that both defendants were served with process in the Omaha Division of the District of Nebraska, and there is no allegation in the complaint with reference to the citizenship or place of residence of the defendant Orshek. For the purposes of federal jurisdiction, a corporation has its home, residence, domicile and citizenship where it was originally incorporated and not elsewhere, regardless of ᵖwhere its principal place of business may be located, and there is no presumption that the principal place of business, either of a corporation or of an individual, is the residence of such corporation or individual.

■■ As the motion was interposed by the defendants the burden of proof was upon them to show that neither of the defendants was a resident of the Omaha Division of the District of Nebraska, and this they have failed to do. If we are to rely upon inferences, we should be warranted in inferring that the defendant Orshek resided where he was personally served with process. As there was no basis for the assertion that all of the parties to the proceeding are non-residents of the State of Nebraska, the very ground on which the motion was based failed.

The Miller Act, so far as here pertinent, provides that, "Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit * * *." 40 U.S.C.A. § 270b(b).

■ The State of Nebraska constitutes one district and, confessedly, the contract was to be performed within that district. It is, however, contended that the question of proper venue as between different divisions in the District Court for the District of Nebraska is governed by the Act of February 27, 1907, 34 U.S.Statutes at Large, Pt. I, p. 997 et seq., and particularly Sections 7 and 8. Section 7 of that Act provides, "That all civil actions not of a local nature, against a single defendant, must be brought in the division where said defendant resides * * *."

Section 8 provides, among other things, "That all civil actions of a local nature at law or in equity shall be brought in the division where the subject-matter of the action is located; and where any such action is properly brought in such division and the defendant resides in a different division in said district from that in which the action is brought, the plaintiff may have original and final process against said defendant directed to the marshal of said district. * * *"

These provisions were not embodied in the Judicial Code as revised, codified and amended by the Act of March 3, 1911. The repealing provisions of the Judicial Code are contained in Section 297 of the Act, 36 Stat. 1168, and we think it was the purpose and intent of Congress to repeal Sections 7 and 8 of the Act of February 27, 1907. Section 297 of the Judicial Code repeals. "All Acts and parts of Acts authorizing the appointment of United States circuit or district judges, or creating or changing judicial circuits, or judicial districts or divisions thereof, or fixing or changing the times or places of holding court therein, enacted prior to February first, nineteen hundred and eleven."

■ We think it clear that the venue provisions of the Act of February 27, 1907 were superseded by the venue sections of the Judicial Code, and that they were specifically repealed by reason of the Act

codifying, revising, amending and adopting the Judicial Code. The parts of the 1907 Act establishing divisions in the District of Nebraska were revised and codified and were embraced in Section 93 of the Judicial Code, 28 U.S.C.A. § 173. This section does not contain any specific venue provisions, such as sections 7 and 8 of the Act of 1907, but the Judicial Code sections omit all venue provisions relating to particular states having districts containing more than one division, and in lieu of these provisions contain general venue section 53, 28 U.S.C.A. § 114, which is made applicable to all judicial districts of more than one division. This view is strengthened by reference to the note by the committee on revision of the Judicial Code, considered by the federal District Court of Virginia in United States v. Sutherland, 214 F. 320. The note reads in part as follows: "In a great many Acts creating divisions of districts there are to be found provisions requiring that suits not of a local nature shall be brought in the division in which one of the defendants resides, etc., and provisions, similar in character with respect to the removal of cases from state to federal courts. These provisions differ in some instances in the language used, but are substantially to the same effect. To avoid the necessity for repeating them in the various sections in which they otherwise should appear, and to avoid the necessity for repeating similar provisions in future Acts creating or changing divisions or districts, this section was inserted and made general in its application."

It seems clear from this note of the revisers that they intentionally omitted from the provisions of the Judicial Code the venue sections contained in the Act of February 27, 1907. Stephan v. United States, 319 U.S. 423, 63 S.Ct. 1135, 87 L.Ed. 1490.

We pretermit consideration of the other questions argued because we cannot anticipate what further record may be made in the trial court when the case is again presented for further proceedings. The judgment appealed from is therefore reversed and the cause is remanded to the trial court for further proceedings not inconsistent herewith.