**UNITED STATES v. BRAZDA.**

No. 14030.

United States Court of Appeals,
Eighth Circuit.

Jan. 11, 1950.

John E. Deming, Assistant United States Attorney, Omaha, Neb. (Joseph T. Votava, United States Attorney, Omaha, Neb., was with him on the brief), for appellant.

Emmet L. Murphy, Omaha, Neb. (Neil H. Mapes and Forrest A. Johnson, Fremont, Neb., were with him on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The question for decision is whether in the Distrct of Nebraska grand jurors may be selected in accordance with § 1865(a) of Title 28 U.S.C.A., the new Judicial Code which became effective September 1, 1948, or must still be drawn as provided in § 11 of the Act of February 27, 1907, c. 2073, 34 Stat. 999.

The pertinent portion of § 1865(a) of Title 28 U.S.C.A., reads as follows:

"Grand and petit jurors shall from time to time be selected from such parts of the district as the court directs so as to be most favorable to an impartial trial, and not to incur unnecessary expense or unduly burden the citizens of any part of the district with jury service."

The portion of § 11 of the Act of February 27, 1907, with which we are concerned. reads:

" * * * The grand jury sitting in the Omaha division shall take cognizance and have jurisdiction of all crimes and offenses committed in the territory comprising the Omaha division, the Norfolk division, the Grand Island division, the North Platte division, and the Chadron division, and.

such grand jurors shall be drawn from the territory comprising said divisions. The grand jury sitting in the Lincoln division shall take cognizance and have jurisdiction of all crimes and offenses committed in the territory comprising the Lincoln division, the Hastings division, and the McCook division, and such grand jurors shall be drawn from the territory comprising said divisions. * * * "

On March 24, 1949, the appellee was indicted by a grand jury sitting at Omaha, in the Omaha Division of the District of Nebraska. The grand jury was drawn for the District pursuant to an order of the District Court filed on December 17, 1948, and impanelled and sworn on January 4, 1949. On March 8, 1949, the grand jurors were recalled by the court for further service, and they reconvened in Omaha on March 21, 1949. They had not been drawn as provided by § 11 of the Act of February 27, 1907, but were selected from the entire District of Nebraska.

The appellee moved to dismiss the indictment upon the ground that the grand jury was improperly constituted, and that therefore the court was without jurisdiction and the indictment void. The court, in the belief that § 11 of the Act of February 27, 1907, had not been repealed or superseded and was still in effect, and that the jurors had been unlawfully selected, dismissed the indictment.

The Government has appealed from the order of dismissal, and insists that the grand jury was lawfully constituted and that the indictment is valid.

The Government argues, in substance, that § 11 of the Act of February 27, 1907, was repealed by the Judicial Code which became effective January 1, 1912, Act of March 3, 1911, c. 231, 36 Stat. 1087–1169; that § 277 of the Judicial Code of 1912 differs in no substantial respect from § 1865 (a) of the present Judicial Code, 28 U.S.C. A. § 1865(a), and authorized the drawing of jurors from such parts of a district "as the court shall direct"; that § 297 of the Judicial Code of 1912, 36 Stat. 1169, provided for the repeal of "Acts and parts of Acts, in so far as they are embraced within and superseded by this Act"; that in the case of United States v. Orshek, 8 Cir., 164 F.2d 741, this Court ruled that the venue provisions of the Act of February 27, 1907, were superseded by the venue sections of the Judicial Code of 1912 and were repealed by them; that in the case of Biggerstaff v. United States, 8 Cir., 260 F. 926, which dealt with an indictment returned in the District of Nebraska, this court said, 260 F. on page 927: "It was proper to draw the grand jurors from the district at large", inferentially indicating that it was § 277 of the Judicial Code of 1912, and not § 11 of the Act of February 27, 1907, which was controlling; that the Supreme Court in Salinger v. Loisel, 265 U.S. 224, 235–236, 44 S.Ct. 519, 68 L.Ed. 989, ruled that special statutes applicable to particular districts, indicating the division in which criminal proceedings should be had, were superseded by the general provisions of § 53 of the Judicial Code of 1912; that legislative history relative to the adoption of that Code shows that § 277 thereof was intended to supersede such special legislation as § 11 of the Act of February 27, 1907, and that § 11 is inconsistent with Rule 6(a) of the Rules of Criminal Procedure for the United States District Courts, 18 U.S.C.A., which provides:

"(a) *Summoning Grand Juries.* The court shall order one or more grand juries to be summoned at such times as the public interest requires. The grand jury shall consist of not less than 16 nor more than 23 members. The court shall direct that a sufficient number of legally qualified persons be summoned to meet this requirement."

The appellee contends that § 11 of the Act of February 27, 1907, has never been repealed, either expressly or by implication, and remains in full force and effect; that it is not inconsistent with any rule of Federal Criminal Procedure; and that the general provisions of the Judicial Code of 1912 and of the present Judicial Code may not be construed as repealing or superseding § 11 of the Act of February 27, 1907. The appellee invokes the familiar rule that when there are two conflicting statutes upon the same subject, one general and the other special, the special statute governs,

without regard to priority of enactment. See United States v. Hess, 8 Cir., 71 F.2d 78, 79 and cases cited; Rodgers v. United States, 185 U.S. 83, 22 S.Ct. 582, 46 L.Ed. 816; Iriarte v. United States, 1 Cir., 157 F. 2d 105, 108, 167 A.L.R. 494. The appellee points out that by § 29 of the original Judicial Act of Congress of September 24, 1789, c. 20, 1 Stat. 73, 88, it was provided that "* * * * jurors * * * shall be returned * * * from such parts of the district from time to time as the court shall direct, so as shall be most favorable to an impartial trial and so as not to incur an unnecessary expense, or unduly to burthen the citizens of any part of the district with such services"; and that the general rule for the drawing of grand and petit jurors is the same today as it has been from the beginning.

■ In interpreting statutes, the function of the courts is to construe the language so as to give effect to the intent of Congress. United States v. American Trucking Associations, Inc., 310 U.S. 534, 542–544, 60 S.Ct. 1059, 84 L.Ed. 1345. While there is force in the appellee's argument, the rule upon which it is based is not absolute, but, like rules of statutory construction, is an aid at arriving at probable legislative intent. There is also a rule to the effect that where two acts cover an entire subject, and the later act was clearly intended to supersede and take the place of the earlier act, the earlier act is repealed. Chase v. United States, 8 Cir., 261 F. 833, 837, affirmed 256 U.S. 1, 41 S.Ct. 417, 65 L. Ed. 801. See, also, United States v. Tynen, 11 Wall. 88, 92, 20 L.Ed. 153; King v. Cornell, 106 U.S. 395, 396, 1 S.Ct. 312, 27 L.Ed. 60; Red Rock v. Henry, 106 U.S. 596, 601–602, 1 S.Ct. 434, 27 L.Ed. 251; Murphy v. Utter, 186 U.S. 95, 105, 22 S.Ct. 776, 46 L. Ed. 1070; The Paquete Habana, 175 U.S. 677, 685, 20 S.Ct. 290, 44 L.Ed. 320; Posadas v. National City Bank, 296 U.S. 497, 503–504, 56 S.Ct. 349, 80 L.Ed. 351. In the case last cited, Mr. Justice Sutherland, speaking for a unanimous court, said, page 503 of 296 U.S., 352 of 56 S.Ct.

"* * * There are two well-settled categories of repeals by implication: (1) Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act. But, in either case, the intention of the legislature to repeal must be clear and manifest; otherwise, at least as a general thing, the later act is to be construed as a continuation of and not a substitute for, the first act and will continue to speak, so far as the two acts are the same, from the time of the first enactment." See, also, Bartlett v. United States, 10 Cir., 166 F.2d 920, 926.

■ It is our conclusion that the rule stated in the second category controls the instant case, and that § 11 of the Act of February 27, 1907, no longer governs the drawing of grand jurors or the jurisdiction of grand juries in the District of Nebraska. When Congress revised the Judicial Code in 1911, effective January 1, 1912, and provided in § 297, 36 Stat. 1169, for the repeal of all Acts and parts of Acts in so far as they were embraced in and superseded by that Code, we think that Congress clearly indicated that special statutes relating to particular districts, the subject matter of which were covered by the Code, were no longer to be effective. That this has been the view of this Court is indicated by its opinion in the Orshek case, 8 Cir., 164 F.2d 741, and in the Biggerstaff case, 8 Cir., 260 F. 926. The opinion of the Supreme Court in Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989, is indicative that it was of the same opinion. The revisers of the Judicial Code, who formulated § 1865(a) of new Title 28 U.S.C.A., unquestionably supposed that that section would authorize every federal district court to designate the parts of its district from which grand jurors were to be drawn. Congress, in enacting that Code in 1948, must, we think, have intended that § 1865(a) should be applicable throughout the country, and that the procedure in every district for the selection of grand jurors should be that specified in the Code. A ruling that, notwithstanding the provisions of § 1865(a) of the Judicial Code of 1948 and of § 277 of the Judi-

cial Code of 1912, the United States District Court for the District of Nebraska is still subject to the limitations prescribed by § 11 of the Act of February 27, 1907, is, to our minds, unsound and unrealistic.

We hold that the law governing the selection of grand jurors in the District of Nebraska is § 1865(a) of new Title 28 U.S.C.A., and not § 11 of the Act of February 27, 1907, and that the grand jury which returned the indictment against the appellee was lawfully constituted.

The order appealed from is reversed, with directions to reinstate the indictment.