575 F.Supp. 753 (1983)
C. Louise STEWART, Betty A. Bucher, Joseph C. Stewart, Jr., and Cahokia Bancshares, Inc., Plaintiffs,
v.
Thomas E. FRY, Jr., Winston Fullerton, W. Russell Withers, Jr., John T. Bellamy, Jr., Keith Fowler, Fred G. Fowler, Judith L. Fry, Muriel Brown, and Schott & Company, Inc., Defendants.
No. 83-863C(2).
United States District Court, E.D. Missouri.
December 20, 1983.
*754 Alan C. Kohn, Terry Lueckenhoff, Robert A. Useted and Mark Brittingham, St. Louis, Mo., for plaintiffs.
Terrance J. Good, Thomas M. Carney, Thompson & Mitchell, William A. Richter, Ralph M. Friederich, St. Louis, Mo., for defendants.

MEMORANDUM
FILIPPINE, District Judge.
This matter is before the Court on the separate motions to dismiss filed by the defendants. Plaintiffs in Count I assert a claim against the defendants under § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j, and in Count II a claim for state common law fraud. Plaintiffs claim that the defendants misrepresented the number and the amount of uncollected loans of the Ina State Bank, whose stock they purchased.

I. Personal Jurisdiction and Venue[1]
Defendants claim that this Court lacks both personal jurisdiction and venue over the defendants. With the exception of Schott & Company, Inc., an accounting firm, all the defendants reside in Illinois and constitute the Board of Directors of Ina State Bank located in Ina, Illinois. Venue of claims concerning § 10(b) claims is governed by Section 27 of the Securities and Exchange Act of 1934, 15 U.S.C. *755 § 78aa. In pertinent part that section provides:
The district courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.
Venue is proper as to all defendants if one act in furtherance of the alleged unlawful scheme is done in the forum district.[2]Rose v. Arkansas Valley Environmental and Utility Authority, 562 F.Supp. 1180, 1210 (W.D.Mo.1983); Hilgeman v. National Ins. Co. of America, 547 F.2d 298, 302, nn. 11 & 12 (5th Cir.1977). One act is sufficient, and that act need not be the core of the claim but rather something more than an immaterial part of the claim. Rose v. Arkansas Valley Environmental and Utility Authority, 562 F.Supp. at 1212, (citing cases).
Plaintiffs in the case at bar assert, through an affidavit and various other exhibits, that the following material acts occurred within the forum:
1. Defendant Schott & Company, Inc. prepared false and misleading financial statements in this district, which statements constitute part of the materials upon which plaintiffs relied to their detriment;
2. Modifications to the stock sale agreement between plaintiffs and the individual defendants who were sellers of stock in the Ina State Bank were drafted by plaintiffs' attorney within this district;
3. Thomas E. Fry, III, son of defendant Thomas E. Fry, Jr., picked up the modifications to the stock sale agreement at Chesterfield Mall on behalf of and as agent for the individual defendants who were sellers of stock in the Ina State Bank;
4. Thomas E. Fry, III, placed a telephone call to plaintiff's attorney, Charles Hapke at Mr. Hapke's office in Chesterfield, Missouri to discuss the stock sale. Also defendant Winston Fullerton called Mr. Hapke at his office located in Chesterfield, Missouri to discuss the stock sale; and
5. Defendants Winston Fullerton and Russell Withers placed telephone calls to plaintiff Joseph C. Stewart, Jr. at Leadwood, Missouri, in order to discuss the stock sale.
The Court is persuaded that these alleged acts are sufficient for venue to exist in this district as to all defendants.
The defendants also assert that even if venue is proper in this Court with regard to the Federal Securities law claim, the pendent state law claims for fraud cannot be maintained because of the defendants' insufficient minimum contacts with the forum state. "Despite a number of early district court decisions denying such jurisdiction, the clear trend of recent authority has been to find that personal jurisdiction acquired through § 27 extraterritorial service is not limited to federal securities *756 law claims." Bertozzi v. King Louie Intern, Inc., 420 F.Supp. 1166, 1172 (D.R.I. 1976); Robinson v. Penn Central Company, 484 F.2d 553, 555-56 (3d Cir.1973); Rose v. Arkansas Valley Environmental & Utility Authority, 562 F.Supp. at 1213. Accordingly, plaintiffs may maintain their state law claims in this Court based upon the principles of pendent jurisdiction.

II. Rule 9(b) and the Pleading of Fraud[3]
Rule 9(b) of the Federal Rules of Civil Procedure provides in part: "[I]n all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity." This rule serves three very important purposes: 1) It deters the filing of a complaint in order to discover a wrong, Segal v. Gordon, 467 F.2d 602, 607-08 (2d Cir.1972). 2) It protects defendants from the harm that results when they are charged with a crime of moral turpitude. 3) It serves to insure that allegations of fraud are particularized enough in order for the defendant to answer. Lewis v. Varnes, 368 F.Supp. 45, 47 (S.D.N.Y.), aff'd 505 F.2d 785 (2d Cir.1974).
In a complaint under § 10(b) "there must be a specific identification of what statements were made in what reports and in what respects they were false, misleading or inaccurate or what omissions were made and why the statements made are believed to be misleading." Gross v. Diversified Mortgage Investors, 431 F.Supp. 1080, 1087 (S.D.N.Y.1977), aff'd, 636 F.2d 1201, 1203, 1206 (2d Cir.1980) (emphasis supplied). The complaint in the case at bar is lacking in that it fails to specify what reports were false or misleading, but merely pleads that the defendants "grossly understated the number and amount of ... uncollectible loans." Plaintiffs made no specific identification of what reports were made as required by rule 9(b).
Furthermore, when there is more than one defendant the complaint must include "(1) the nature of each individual defendant's participation in the fraud, including the facts constituting scienter and an explanation of the defendant's duty toward the plaintiff; [and] (2) whether the defendant is being sued as a primary defendant or as an aider and abettor...." Goldberg v. Meridor, 81 F.R.D. 105, 111 (S.D.N.Y.1979). Plaintiffs' complaint which asserts claims against more than one defendant fails to meet these requirements. Plaintiffs only assert that the "defendants and each of them, by the use of the means and instrumentalities of interstate commerce, made, and aided and abetted the making of, material and untrue statements to the plaintiffs with respect to the number and amount of uncollectible loans of Ina State Bank...." This allegation is clearly not sufficient under the standard outlined above.
Defendants' motion to dismiss plaintiffs' complaint is thus well taken; however, the Court in the interest of justice will stay a ruling on defendants' motion and grant plaintiffs leave to file an amended complaint within 20 days of the date of this Memorandum.
NOTES
[1] Schott & Company, Inc. does not advance this argument.
[2] In applying this rule the courts have made clear that an act in the forum district, in furtherance of the fraudulent scheme, is vital; it is not sufficient, for purposes of venue in connection with all defendants, that venue may otherwise exist as to one or more defendants simply because they reside in the forum district, or are found there, or do business there. Rose v. Arkansas Environmental & Utility Auth., 562 F.Supp. 1180, 1211-12 (W.D.Mo.1983).
[3] This argument is advanced only by Schott & Company, Inc.