818 F.Supp. 1285 (1993)
Scott E. DAVIS, Plaintiff,
v.
ADVANTAGE INTERNATIONAL, INC., et al., Defendants.
No. 90-1917C(6).
United States District Court, E.D. Missouri.
April 22, 1993.
Martin M. Green, Mitchell A. Margo, Green Hoffmann & Dankenbring, St. Louis, MO, for plaintiff.
Barry Short, Richard Walsh, Jr., Lewis, Rice & Fingersh, St. Louis, MO, Joseph Hassett, Hogan & Hartson, Washington, DC, for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendants' motion to dismiss for improper venue brought pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.
The original plaintiffs, Kenneth E. Flach, Robert A. Seguso and Scott E. Davis, brought this action in October of 1990 alleging that defendants fraudulently handled investments of monies that plaintiffs earned as professional tennis players, in violation of the Securities Exchange Act of 1934 and other federal statutes, as well as Missouri common law. Defendants responded to the complaint with a motion to dismiss raising, among other things, the defense of improper venue pursuant to Rule 12(b)(3). Flach and Seguso subsequently *1286 settled with defendants and voluntarily dismissed their claims, leaving only Davis as plaintiff in the case.
Defendants have supplemented their motion to dismiss on improper venue grounds, arguing that Davis has "failed to allege in his complaint that specific actions or events materially linked to his various claims took place in this district." Davis opposes the motion on grounds that venue was proper at the time the complaint was filed because Flach and Seguso were co-plaintiffs and there is evidence suggesting that defendants had contacts with Flach and Seguso in this district in connection with some of their investments.
Davis bears the burden of proving that venue is proper in this district. Pfeiffer v. Int'l Academy of Biomagnetic Med., 521 F.Supp. 1331, 1336 (W.D.Mo.1981) (while some conflict exists, the better view is that once defendant raises a Rule 12(b)(3) defense, plaintiff bears the burden of proving venue). The venue provision of the Securities Exchange Act provides in pertinent part:
Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations may be brought ... in the district wherein the defendant is found or is an inhabitant or transacts business....
15 U.S.C. § 78aa (emphasis added). In Stewart v. Fry, 575 F.Supp. 753, 755 (E.D.Mo.1983) (Stewart), venue was held proper under § 78aa if one act in furtherance of the alleged scheme to defraud was done in the forum district. Under Stewart, the act need not be the core of the claim, but must be more than an immaterial part of it. Id. Thus, Davis must prove that defendants performed some material act in this district in furtherance of the alleged fraud on him.
While venue ordinarily depends on the facts at the time the action was commenced, the Eighth Circuit has recognized that there may be exceptions to this rule. See Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1200 (8th Cir.1990) (Knowlton) ("It is proper to assess the propriety of venue on the basis of circumstances as they now exist, as opposed to the state of affairs that obtained when the complaint was first filed against two defendants.") More important in the present case, however, venue must be proper as to each separate cause of action. See, e.g., Int'l Patent Dev. Corp. v. Wyomont Partners, 489 F.Supp. 226, 230 (D.Nev.1980) (where case presents more than one cause of action, as opposed to separate claims based upon a single cause of action, venue must be proper as to each).
The only reasonable inference to be drawn from the complaint and other papers filed by plaintiffs is that the alleged fraud on Davis arose from actions and events distinct from those involving Flach and Seguso. The complaint therefore alleges more than one cause of action. Flach's affidavit, for example, which was filed in part for the purpose of establishing the propriety of venue, specifically refers to contacts made by defendants with him and Seguso in St. Louis. However, the affidavit makes no reference whatsoever to any connection between the alleged fraud on Flach and Seguso and the alleged fraud on Davis, or to any act by defendants within this district in connection with investments made by Davis. While it may be appropriate to construe Flach's affidavit as alleging a single scheme to defraud him and Seguso together, plaintiffs have alleged no facts indicating that Davis was also a target of that scheme. To the contrary, Flach's only factual reference to Davis in his affidavit is "I am aware of hundreds of conversations between Advantage and Robert [Seguso] and between Advantage and Scott E. Davis, also a co-plaintiff."
In the absence of any evidence to the contrary, Davis' claims must be construed as based upon a cause or causes of action separate from those alleged by Flach and Seguso. Nothing on file with the Court establishes that venue is proper in this district with respect to the cause or causes of action upon which Davis' claims are based. Davis has therefore failed even to establish that venue was proper at the time the action was commenced. Accordingly, defendants' motion to dismiss his claims for improper venue will be granted and the action will be dismissed without prejudice.