Thomas **BRIGDON**, Plaintiff,

v.

**Rodney E. SLATER, Secretary, Department of Transportation,** Defendant.

No. 99–4120–CV–C–5–ECF.

United States District Court, W.D. Missouri, Central Division.

April 26, 2000.

Karen Kristina Howard, Kansas City, MO, Matthew W Murphy, The Murphy Law Firm, Columbia, MO, for Thomas Brigdon, plaintiff.

Thomas M Larson, U.S. Attorney's Office, Kansas City, MO, for Rodney Slater, Secretary, Dept. of Transportation, defendant.

**MEMORANDUM AND ORDER**

LAUGHREY, District Judge.

Pending before the Court is Plaintiff Thomas Brigdon's Motion for Partial Sum-

mary Judgment [Doc. # 25] against Defendant Rodney E. Slater, Secretary of the Department of Transportation ("DOT"). For the reasons set forth below, Brigdon's motion is granted in part, and denied in part.

## I. Background

The following facts are alleged in Brigdon's First Amended Complaint. Brigdon worked as an air traffic controller for the Federal Aviation Administration (the "FAA") at the Kansas City Air Route Traffic Control Center in Olathe, Kansas. Brigdon's direct supervisor was Linda Gordon. Brigdon claims that while employed at the FAA's Olathe, Kansas facility, Gordon harassed him and discriminated against him based on his gender up to the time his employment was terminated.

Prior to his termination, Brigdon filed several official complaints concerning Gordon's conduct. These included several "spot forms" regarding inappropriate behavior by Gordon toward him, and several witness statements on behalf of a coworker, who had filed an E.E.O.C. complaint against Gordon. Brigdon asserts that he was ultimately forced into retirement in retaliation for his complaints about Gordon.

On May 25, 1999, Brigdon sued DOT for sexual harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*

## II. Analysis

Brigdon seeks two determinations by the Court; first, that venue is proper, and second, that Tenth Circuit precedent will govern this action.

### A. Venue

Some preliminary discussion is necessary given the odd procedural posture of this case. Typically, proper venue is presumed until challenged by the defendant. *See* Fed.R.Civ.P. Official Form 2 advisory committee's note ("Since proper venue is a matter of defense, it is not necessary for plaintiff to include allegations showing the venue to be proper.") (citing 1 James Wm. Moore et al., Moore's Federal Practice, ¶ 0.140[1–4] (2d ed.1959)). Here, however, Brigdon has chosen to raise the issue in the present motion, and DOT has not challenged the propriety of determining the venue question at this juncture. Indeed, while it has not filed a formal motion to dismiss, DOT has seized the opportunity presented by Brigdon's motion to argue that venue is improper, a defense which was raised in its answer. Accordingly, the Court will treat DOT's response to Brigdon's summary judgment motion as a cross-motion to dismiss for improper venue, and globally address the issue.

In Title VII actions, venue is controlled by the specific venue provisions in 42 U.S.C. § 2000e–5(f)(3), as opposed to the general federal venue statute. *Johnson v. Payless Drug Stores Northwest, Inc.,* 950 F.2d 586, 587–88 (9th Cir.1991), *cert. denied,* 505 U.S. 1225, 112 S.Ct. 3044, 120 L.Ed.2d 911 (1992). This statute provides that an employment discrimination action may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, *in the judicial district in which the employment records relevant to such practice are maintained and administered,* or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent had his principal office.

42 U.S.C. § 2000e–5(f)(3).

Brigdon asserts that venue is proper in the Western District of Missouri because the DOT maintains his employment records at the FAA's Regional Office in Kansas City, Missouri. DOT agrees that Brigdon's Official Personnel File has been

maintained at all times at the FAA's Kansas City, Missouri, Office. It insists, however, that Brigdon has the burden to prove proper venue; and to do so, he must show that the records located in Kansas City are "directly relevant" to Brigdon's employment claims.

■ The first premise of DOT's position is erroneous. Although nationally there is a split of authority on the issue,[1] in the Eighth Circuit, the defendant bears the burden of establishing improper venue. *See U.S. v. Orshek,* 164 F.2d 741, 742 (8th Cir.1947).[2] Applying *Orshek* here makes particular sense because DOT has exclusive custody and control of the employment records at issue. Accordingly, DOT bears the burden of proving that the documents in question are not sufficiently relevant to Brigdon's employment claims to satisfy 42 U.S.C. § 2000e–5(f)(3).

The next question is whether the employment records must be "directly relevant," or merely "relevant." DOT claims that section 2000e–5(f)(3) requires that the employment records must be "directly" relevant to the Plaintiff's employment discrimination, but cites no statutory language to support this enhanced level of relevance. Rather, DOT argues that the "directly relevant" standard should apply because large federal agencies frequently maintain various employment records (and duplicates) in many locations nationwide, and they would be subject to suit in multiple forums if mere relevance were enough.

DOT's concern over multiplicity of venues is not a valid one under § 2000e–5(f)(3). That statute makes venue proper in four different locations: (1) where the unlawful employment practice is alleged to have been committed; (2) where employment records relevant to such practice are maintained and administered; (3) where the aggrieved person would have worked but for the alleged unlawful employment practice; and (4) the judicial district in which the respondent has its principal office, in situations where the respondent is not "found" within any of the previously described districts. Thus, Congress clearly contemplated that defendants would be subject to suit in multiple locations and made no exception for any record keeping system that might be unique to a particular defendant.

Finally, the distinction between "relevant" and "directly relevant" appears, at best, to be murky. DOT has not suggested how that distinction could be quantified in any meaningful, predictable way. Absent some statutory directive, the Court declines to undertake this metaphysical task.

Relevance, as that term is used in the litigation process, is generally understood to include "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R.Evid. 401. Applying this standard to § 2000e–5(f)(3), the determinative question is whether the employment records in Brigdon's Official Personnel File have any tendency to make the existence of a fact that is of consequence to the determination of Brigdon's claims more probable or less probable than it would be without the records.

■ It is likely that the documents contained in Brigdon's Official Personnel File are relevant to his claims of employment

---

**1.** *See* 5A CHARLES ALAN WRIGHT & KENNETH A. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE § 1352 (1990).

**2.** Three district courts have held otherwise, but none of them mentioned Orshek. *Davis v. Advantage Int'l, Inc.,* 818 F.Supp. 1285, 1286 (E.D.Mo.1993); *Pfeiffer v. International Academy of Biomagnetic Med.,* 521 F.Supp. 1331,

1336 (W.D.Mo.1981); *Bruner v. Republic Acceptance Corp.,* 191 F.Supp. 200, 203 (E.D.Ark.1961). While there are good arguments for requiring a plaintiff to prove venue, the Court is bound by *Orshek.* Moreover, in this case, it appears clear that venue would be proper in the Western District of Missouri, regardless of who had the burden of proof.

harassment, discrimination and retaliation under this standard. At a minimum, the dates of his employment and his employment evaluations would be relevant. The First Amended Complaint also specifically alleges that Brigdon suffered retaliation, in part, because of formal complaints he filed with the FAA concerning Gordon's conduct. The presence or absence of these documents in Brigdon's Official Personnel File will make his claim more or less credible. Accordingly, DOT has failed to prove that venue is improper.

## B. Choice of Law

Brigdon contends that Tenth Circuit precedent governs this case because all of the alleged events underlying his claim occurred at his job site in Olathe, Kansas. Brigdon cites *Scheerer v. Hardee's Food Sys., Inc.,* 92 F.3d 702 (8th Cir.1996) for the proposition that in a tort or contract case based on diversity jurisdiction, this Court would apply Missouri choice of law rules. Missouri courts apply the "most significant relationship" test found in the RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 (1971). Accordingly, Brigdon argues that because the underlying events occurred in Kansas, Kansas has the most significant relationship, and Tenth Circuit law should be applied.

The fallacy in Brigdon's argument lies in the fact that this is not a diversity case, in which state substantive law must be applied. Rather, this is a federal question case premised on violation of a federal statute. "Federal law is presumed to be uniform, whether or not it is in fact." *E.E.O.C. v. Northwest Airlines, Inc.,* 188 F.3d 695, 700 (6th Cir.1999).

Had this case been transferred here from the District of Kansas, Brigdon's argument might have some weight. Considerable debate has attended the question of which Circuit's precedent controls when federal question cases are transferred. *See In re Korean Air Lines Disaster of Sept. 1, 1983,* 829 F.2d 1171, 1175 (D.C.Cir. 1987) (J. Bader Ginsburg) ("Indeed, be-cause there is ultimately a single proper interpretation of federal law, the attempt to ascertain and apply diverse circuit interpretations simultaneously is inherently self-contradictory."); *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.,* 97 F.3d 1050, 1055 (8th Cir. 1996) ("When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located."); *but see In re United Mine Workers of Am. Employee Benefit Plans Litig.,* 854 F.Supp. 914, 919 (D.D.C.1994) (Rejecting the notion that transferor court's precedent never governs in federal question cases).

Here, there has been no transfer. This case was filed in the Eighth Circuit, involves a federal question, and any appeal will be resolved by the Eighth Circuit. Brigdon has offered no authority suggesting Eighth Circuit precedent does not apply. Accordingly, Eighth Circuit precedent controls.

## III. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for Partial Summary Judgment [Doc. # 25] is GRANTED in part, and DENIED in part as set forth in this decision.