RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0076p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

KARL TOBIEN,

              *Plaintiff-Appellant,*

    *v.*

NATIONWIDE GENERAL INSURANCE COMPANY,

              *Defendant-Appellee.*

No. 24-5575

─────────────────

Appeal from the United States District Court for the Eastern District of Kentucky at Covington.
No. 2:24-cv-00042—Danny C. Reeves, District Judge.

Decided and Filed:  April 2, 2025

Before:  THAPAR, NALBANDIAN, and RITZ, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ON BRIEF:**  Louis C. Schneider, THOMAS LAW OFFICES, PLLC, Cincinnati, Ohio, for Appellant.  Darrin W. Banks, PORTER, BANKS, BALDWIN & SHAW, PLLC, Paintsville, Kentucky, for Appellee.

─────────────────

## OPINION

─────────────────

THAPAR, Circuit Judge.  How does a case about a dog bite end up in federal court? Diversity jurisdiction.  But just because a plaintiff is entitled to be in federal court, that doesn't mean any federal court will do.  Rather, the plaintiff must pick the right federal court.  Here, the district court found that the plaintiff picked the wrong one.  We affirm.

I.

One Thursday in May 2023, Karl Tobien laced up his boots and hit the road.  His plan for the day?  Selling telecommunications services from door to door in Clermont County, Ohio.  Being a door-to-door salesman isn't easy, and Tobien must have been prepared to encounter the usual hazards, like inclement weather or angry homeowners.  But he couldn't have expected what awaited him at the end of a cul-de-sac in the serene hamlet of Loveland, Ohio.  As he walked up the driveway of one of the houses, Tobien was attacked by a dog.

After the incident, Tobien filed two federal lawsuits.  First, he filed a personal-injury complaint against the homeowners in the Southern District of Ohio, seeking compensation for the injuries he sustained in their driveway.  *See* Compl., *Tobien v. Kern*, No. 1:24-CV-00164-MWM (S.D. Ohio filed Mar. 27, 2024).  The parties agreed to dismiss that case.

Second, Tobien filed the lawsuit that's before us now.  This is a suit against Nationwide General Insurance Company, which insured the home.  Tobien had submitted an insurance claim to Nationwide, seeking compensation from the home-insurance policy.  But Nationwide refused to pay.  So Tobien sued, asserting state-law claims for (1) violations of Kentucky's Unfair Claims Settlement Practices Act, (2) common-law bad faith, and (3) punitive damages.  Although Tobien filed his first lawsuit in the Southern District of Ohio, he filed this lawsuit in a different federal court—the Eastern District of Kentucky.  Nationwide then moved to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

The district court concluded that Tobien had filed this lawsuit in the wrong place.  According to the court, most of the relevant action had happened in Ohio.  So the federal court in Eastern Kentucky wasn't a proper venue for the lawsuit.  Then, rather than transfer the lawsuit to a court where venue would have been proper (like the Southern District of Ohio), the district court chose to dismiss the lawsuit outright.

Tobien now appeals these two aspects of the decision below:  (1) the conclusion that venue wasn't proper in the Eastern District of Kentucky and (2) the court's decision to dismiss the lawsuit rather than transfer it.  We address each contention in turn.

II.

Tobien argues that the Eastern District of Kentucky was a proper venue for his lawsuit. Our review is de novo. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

A.

First, a brief explanation of venue. Venue is "[t]he proper or a possible place for a lawsuit to proceed, [usually] because the place has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant." *Venue*, Black's Law Dictionary (12th ed. 2024).

The modern venue requirement is based on an old idea: "there is a particular court or courts in which an action should be brought." 5B Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 3802 [hereinafter "Wright & Miller"]. This idea has "ancient common law lineage." *Id.* And it's been integral to the federal court system since the Judiciary Act of 1789. *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 708 (1972).

The current general venue rules are codified at 28 U.S.C. § 1391(b).[1] That statute lets plaintiffs sue in three main places: where a defendant resides, where a substantial part of the events happened, or if neither of those works, wherever personal jurisdiction is available. 28 U.S.C. § 1391(b)(1)–(b)(3).

Here, the dispute centers on the second option. Tobien contends that the Eastern District of Kentucky is a judicial district "in which a substantial part of the events or omissions giving rise to [this lawsuit]" occurred. *Id.* § 1391(b)(2).

B.

In resolving this appeal, our first task is to determine who bears the burden of proof. Does Tobien, as the plaintiff, bear the burden to show that a substantial part of the events giving

---

[1]Congress has sometimes enacted specialized venue statutes governing particular classes of cases. *E.g.*, 28 U.S.C. § 1400(b). The case before us now isn't encompassed by any special venue statute. So for this action, venue is only proper in a district that meets at least one criterion set forth in 28 U.S.C. § 1391.

rise to his claim occurred in the Eastern District of Kentucky?  Or does Nationwide, as the defendant, bear the burden to negate that a substantial part of the events occurred there?

Our court has never answered that question.[2]  As a result, "[t]here is a split of authority among district courts in the Sixth Circuit regarding who bears the burden of proof when venue is challenged as improper." *Reilly v. Meffe*, 6 F. Supp. 3d 760, 765 (S.D. Ohio. 2014).  On the one hand, some courts have held that "[o]n a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002).  Other courts, by contrast, have held that "the defendant [has] the burden of proving that the forum chosen by the plaintiff is improper." *Long John Silver's, Inc. v. DIWA III, Inc.*, 650 F. Supp. 2d 612, 631 (E.D. Ky. 2009).

Our sister circuits are also divided, with the majority placing the burden on the plaintiff. *Compare Grantham v. Challenge-Cook Bros.*, 420 F.2d 1182, 1184 (7th Cir. 1969) (placing the burden to establish proper venue on the plaintiff), *Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086 (1st Cir. 1979) (same), *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (same), *and Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (same), *with Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982) (placing the burden on defendant to prove that venue is improper), *United States v. Orshek*, 164 F.2d 741, 742 (8th Cir. 1947) (same), *and In re Peachtree Lane Assocs., Ltd.*, 150 F.3d 788, 794 (7th Cir. 1998) (same).  *See also* 17 Moore's Federal Practice § 110.01[5][c] (adopting the minority view).

---

[2]To be sure, our court has explained that when a defendant moves to transfer a case from one proper venue to another under 28 U.S.C. § 1404(a), the defendant bears the burden to show that a transfer is warranted. *Means v. U.S. Conf. of Cath. Bishops*, 836 F.3d 643, 652 n.7 (6th Cir. 2016) (stating that the district court "correctly" placed the burden on defendants to "show that venue should be transferred" under § 1404(a) (citation omitted)); *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006) (explaining that the "burden of proof in arguing for transfer" under § 1404 "is on defendant" (citation omitted)).  That makes sense, since a plaintiff enjoys a "venue privilege" to file his action in whichever proper venue he prefers. *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 63 (2013).  For that reason, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese v. CNH Am., LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citation omitted).  So the defendant bears the burden to show that a different forum is more convenient than the one chosen by the plaintiff.  However, that logic only works when the plaintiff's chosen venue is proper in the first place.  A § 1404(a) motion "operates on the premises that the plaintiff has properly exercised his venue privilege." *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964).  In our case, by contrast, the defendant has filed a Rule 12(b)(3) motion that challenges the plaintiff's chosen venue as improper.  It doesn't follow that a defendant would bear the burden to show that venue is improper on a Rule 12(b)(3) motion just because he bears the burden to win a transfer from one proper venue to another on a § 1404(a) motion.

The majority is correct:  when a defendant challenges the venue, the plaintiff bears the burden of proving venue by a preponderance of the evidence.  That makes sense.  After all, "it is the plaintiff's obligation to institute the action in a permissible forum."  *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).

What's more, this same burden-shifting framework applies to motions to dismiss for lack of personal jurisdiction.  *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 437 (6th Cir. 2022).  That's significant, because venue and personal jurisdiction are closely related concepts in their application.  "[B]oth are personal privileges of the defendant."  *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979).  Both are affirmative defenses unrelated to the merits of the claim.  And crucially, both often turn on the same facts.

For example, in many actions, whether there's personal jurisdiction and proper venue depends on identical facts about the defendant's residence.  Under 28 U.S.C. § 1391(b)(1), venue is proper at the judicial district in which all defendants reside.  When the defendant is a natural person, he "reside[s]," for venue purposes, in the judicial district in which he is "domiciled."  28 U.S.C. § 1391(c)(1).  And a person's domicile is one of the crucial facts in a personal-jurisdiction analysis.  Indeed, in the "paradigm" case, "an individual is subject to general [personal] jurisdiction in her place of domicile."  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021) (citation omitted).

Similarly, for venue purposes, Congress has tied an entity's place of residence to personal jurisdiction.  28 U.S.C. § 1391(c)(2) (providing that an entity defendant resides, for venue purposes, in "any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question").

Finally, where venue isn't available under § 1391(b)(1) or (b)(2), the fallback rule provides that venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  *Id.* § 1391(b)(3).  In that situation, the questions of venue and personal jurisdiction are identical:  whether venue is proper depends on whether the court can exercise personal jurisdiction over the defendant.  A 12(b)(3) motion contesting fallback venue under § 1391(b)(3) is thus the substantial equivalent of a motion to

dismiss for lack of personal jurisdiction.  It wouldn't make sense for courts to use different burdens of proof in evaluating these motions.

At least one circuit reached the opposite conclusion.  In *Myers v. American Dental Association*, the Third Circuit held (over a dissent) that on a motion to dismiss for improper venue, the defendant "has the burden of proving the affirmative defense asserted by it."  695 F.2d at 724.  The court thought this conclusion "logically follow[ed]" from the premises that (a) venue is an affirmative defense that a court will not raise on its own motion, and (b) the plaintiff doesn't have to allege in his complaint that venue is improper.  *Id.*

While the two premises are correct, it does not "logically follow" that the defendant thus bears the burden.  Why?  Because once the defendant contests venue, it is up to the plaintiff to show that he filed the action in a permissible court, even if he doesn't need to make that showing in his complaint.  Indeed, those very same premises would mean that the defendant must disprove personal jurisdiction.  But even the Third Circuit has held that the plaintiff bears the burden of establishing personal jurisdiction.  *E.g.*, *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998).

But what about *Myers*'s point that defendants normally bear the burden to prove affirmative defenses?  As the dissent pointed out, the majority confused "affirmative *exculpatory* or substantive defenses" with "affirmative *dilatory* defenses," like venue.  *Myers*, 695 F.2d at 733 (Garth, J., concurring and dissenting).  A "substantive" defense is one that, if established, would terminate the litigation for the defendant on the merits.  *See Defense*, Black's Law Dictionary (12th ed. 2024).  By contrast, a "dilatory" defense is one that "temporarily obstructs or delays a lawsuit but does not address the merits."  *Id.*

A defendant bears the burden to prove affirmative *substantive* defenses, including those listed in Rule 8(c).  *Myers*, 695 F.2d at 732 (Garth, J., concurring and dissenting).  But the law often assigns to the *plaintiff* the burden of proving a dilatory defense, like venue.  That's because "the plaintiff has traditionally had the burden of proving that a court has authority to hear his case."  *Id.*; *see also Freeman*, 254 F. Supp. 2d at 56.  Again, for an example that even the Third

Circuit has accepted, look no further than personal jurisdiction.  *IMO Indus., Inc.*, 155 F.3d at 257.

The Eighth Circuit also appears to have come out the same way as the Third Circuit.  In *United States v. Orshek*, the Eighth Circuit said that because the defendants made an improper-venue motion, "the burden of proof was upon them [i.e., the defendants] to show that neither of the defendants was a resident" of the Omaha Division of the Nebraska District.  164 F.2d at 742.  Some district courts in the Eighth Circuit have relied on that pronouncement to conclude that "in the Eighth Circuit, the defendant bears the burden of establishing improper venue."  *Brigdon v. Slater*, 100 F. Supp. 2d 1162, 1164 (W.D. Mo. 2000).  Other district courts in that circuit, however, have assigned the burden to the plaintiff.  *Id.* at 1164 n.2.  To the extent the Eighth Circuit believes that the defendant bears the burden to prove improper venue, we respectfully disagree.

## C.

Thus, when a defendant files a 12(b)(3) motion to dismiss for improper venue, the plaintiff must show by a preponderance of the evidence that venue is proper.  But how does a district court decide that question?  It has three options:  it can resolve the motion on the papers; it can resolve the motion with an evidentiary hearing; or it can permit discovery in aid of deciding the motion.  *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (holding as much in the personal-jurisdiction context).  But "[h]owever the court handles the motion, the plaintiff always bears the burden of establishing" that venue exists.  *See Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (holding as much in the personal-jurisdiction context).

Here, the district court decided the 12(b)(3) motion on the papers alone.  So, to defeat the 12(b)(3) motion (and delay meeting his burden to establish venue until summary judgment or trial), Tobien needed to show that his pleadings and affidavits, if accepted as true, would establish that venue was proper.  *See Theunissen*, 935 F.2d at 1458.  He failed to make that showing.

Start with Tobien's complaint. It states that "[v]enue is proper in this division because Plaintiff resides in this district, Defendant conducts business in this district, and a substantial part of the events and omissions giving rise to the claims stated herein occurred in this district." R. 1, Pg. ID 2. This statement foreshadows that Tobien planned to lay venue under prong two of the general venue statute, which provides that venue is proper if "a substantial part of the events or omissions giving rise to the claim occurred" in the district. *See* 28 U.S.C. § 1391(b)(2).[3] To support that contention, the complaint alleges that Tobien is a resident of Boone County, Kentucky, and that Nationwide does business in Kentucky and has an agent for service of process in that state.

To be sure, the complaint's failure to allege venue didn't automatically doom Tobien. "Because venue is an affirmative defense, the petitioner is not required to address venue in its pleadings." *Uni-Top Asia Inv. Ltd. v. Sinopec Int'l Petroleum Expl. & Prod. Co.*, 600 F. Supp. 3d 73, 78 (D.D.C. 2022); *see also* Wright & Miller § 3826 ("[T]he plaintiff is not required to include allegations showing that venue is proper."). But once a motion to dismiss is filed, the plaintiff must come forward with evidence demonstrating that venue is proper. That evidence can include affidavits or other factual material.

Here, Nationwide moved to dismiss the complaint for improper venue under Rule 12(b)(3). In that motion, Nationwide observed that almost no facts supported venue in the Eastern District of Kentucky. The only facts that could even arguably support venue under § 1391(b)(2) were (a) Tobien's residence in the Eastern District of Kentucky and (b) that Nationwide conducts business in that district. Nationwide then made a legal argument: those

---

[3]Indeed, 28 U.S.C. § 1391(b)(2) is the only possible basis for venue on review. Tobien never argued that venue might have been proper under 28 U.S.C. § 1391(b)(1). Under that provision, venue is proper if Nationwide "resides" in the Eastern District of Kentucky. The venue statute further provides that an "entity" (like Nationwide) "shall be deemed to reside," for venue purposes, "in any judicial district in which [the] defendant is subject to the court's personal jurisdiction" with respect to the action. 28 U.S.C. § 1391(c)(2). Put it all together, and venue would have been proper in the Eastern District of Kentucky if Tobien could show that Nationwide was subject to the court's personal jurisdiction. Because Tobien never advanced this theory, we have no occasion to address whether it might have had merit. Further, § 1391(b)(3) was off the table, since (as the parties agree) there's at least one judicial district that could have satisfied either of § 1391(b)(1) or (b)(2)—the Southern District of Ohio. And no specialized venue statute applies here. That leaves § 1391(b)(2) as the only possible basis for venue here.

facts, by themselves, could not show that "a substantial part of the events or omissions giving rise to [Tobien's] claim" occurred in the Eastern District of Kentucky.  28 U.S.C. § 1391(b)(2).

This case boils down to the adequacy of Tobien's response.  In Tobien's opposition, he made a new assertion:  that a "substantial portion" of the insurance company's "communications with Plaintiff and investigation of Plaintiff's claim" took place in Eastern Kentucky.  R. 6 at Pg. 3.

But Tobien didn't have any factual allegations to support that vague assertion.  Nor did he support it by attaching affidavits or other evidence to his opposition.

The only possible allegations that Tobien could use to support venue were these:  (1) he himself resides in Kentucky and (2) he sent and received correspondence with the insurance company from his home in Kentucky.  Even accepting those allegations as true—as we must, for purposes of determining whether Tobien has made a prima facie showing that venue is proper— those facts do not qualify as a "substantial part of the events or omissions giving rise to" this lawsuit.  28 U.S.C. § 1391(b)(2).

Tobien's correspondence with the insurance company from his home in Kentucky, and the general fact that he lives in Kentucky, aren't "events or omissions giving rise to" his complaint that Nationwide violated the law by denying his claim in bad faith.  The location from which Tobien sent letters to the insurance company has nothing to do with either (a) the dog attack that led Tobien to submit an insurance claim or (b) the company's actions in denying the claim in (allegedly) bad faith.

To the extent Tobien argues that he was situated in Kentucky when he suffered the negative consequences of the insurance company's actions, that fails to establish venue. "[W]ithout more," an allegation that the plaintiff "suffer[ed] . . . economic harm within a district is not sufficient for purposes of establishing venue in that district" under § 1391(b)(2).  *Alltech, Inc. v. Carter*, No. 5:08-CV-00325, 2010 WL 988987, at *3 (E.D. Ky. Mar. 15, 2010); *accord Konote v. Beattie*, No. 1:24-CV-706, 2024 WL 5109391, at *3 (S.D. Ohio Dec. 13, 2024) (rejecting plaintiff's claim of venue in Ohio even though plaintiff "currently resides in Cincinnati, Ohio" and "continues to suffer from 'the effects of Defendants' misconduct . . . while

residing in this district'" (citation omitted)). "Otherwise, venue would almost always be proper at the place of a plaintiff's headquarters or residence, an option that Congress removed" from the venue statute in 1990. *Alltech, Inc.*, 2010 WL 988987, at \*3.

What's more, under Tobien's theory, a plaintiff could make venue proper in any of the 50 states simply by traveling there and sending letters to the insurance company from that state. Congress did not intend to allow plaintiffs to manipulate the venue rules in that way, especially since the venue rules exist primarily "to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 63 n.7 (2013) (quoting *Leroy*, 443 U.S. at 183–84).

On appeal, Tobien tries a new tack. Now, he relies on speculation about where Nationwide's insurance adjusters were located when they denied his claim. But he concedes he doesn't actually know where the adjusters were located. And, more importantly, Tobien didn't put before the district court any facts or allegations about the location of the adjusters.

To be fair, Tobien did request discovery below as an alternative to dismissal. But he did so in a one-paragraph request at the end of his response to Nationwide's motion. "Motions for venue discovery are subject to the same legal standards that apply to motions for jurisdictional discovery." *Uni-Top Asia Inv. Ltd.*, 600 F. Supp. 3d at 78. And Tobien's lone paragraph didn't provide a "detailed showing of what discovery [he] wishes to conduct or what results [he] thinks such discovery would produce." *Id.* (citation omitted). For example, Tobien didn't specify that he wanted discovery about the location of the adjusters. The district court denied that request, a decision that Tobien doesn't challenge on appeal.

\*       \*       \*

In sum, the district court did not err in concluding that the Eastern District of Kentucky was an improper venue for Tobien's lawsuit.

III.

Tobien brings a second challenge to the district court's decision, which we review under an abuse-of-discretion standard.  *See First of Mich. Corp.*, 141 F.3d at 262.  He contends that, even if the Eastern District of Kentucky is not a proper venue, the district court abused its discretion by dismissing his case rather than transferring it to a district where venue *would* have been proper—like the Southern District of Ohio.

A.

When a plaintiff files a case in an improper venue, the district court may, "if it be in the interest of justice," transfer the case to a district where the plaintiff could have brought the action.  28 U.S.C. § 1406(a).

The district court held that transferring Tobien's case to a proper venue would not "be in the interest of justice."  *Id.*  The court gave one reason for that conclusion:  after taking a "peek at the merits" of Tobien's underlying legal claims, the court concluded that Tobien's lawsuit would fail on the merits if it were transferred to the Southern District of Ohio.  R. 8, Pg. ID 53 (citation omitted).[4]

Tobien believes the district court was wrong in deciding that his lawsuit would not succeed in the Southern District of Ohio.  We disagree.  Upon receiving Tobien's lawsuit, the Southern District of Ohio would apply Ohio's state choice-of-law rules.  Those choice-of-law rules would direct the court to apply Ohio's substantive law.  And under Ohio's substantive law, Tobien's lawsuit has no merit.

B.

An Ohio federal court would apply Ohio's choice-of-law rules to determine which state's substantive law governs Tobien's claims.  *Martin v. Stokes*, 623 F.2d 469, 472 (6th Cir. 1980).

---

[4]On appeal, Tobien doesn't contest the district court's conclusion that it had authority to make a preliminary judgment about the lawsuit's merits in deciding whether a transfer would serve the interests of justice. *See Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (Posner, C.J.).  Nor does Tobien argue that the district court shouldn't have dismissed his lawsuit with prejudice.  Because Tobien doesn't challenge these decisions of the district court, we express no view on these matters.

Those rules, in turn, "treat[] bad faith claims as claims arising in tort." *In re Com. Money Ctr., Inc., Equip. Lease Litig.*, 603 F. Supp. 2d 1095, 1107 (N.D. Ohio 2009). To determine which state's law applies in a tort action, Ohio's choice-of-law rules require application of the Restatement (Second) of Conflict of Laws. *Morgan v. Biro Mfg. Co.*, 474 N.E.2d 286, 288–89 (Ohio 1984). The Second Restatement selects the law of the state with the "most significant relationship to the occurrence and the parties." Restatement (Second) of Conflict of Laws § 145(1).

Ohio has the most significant relationship to this litigation. Ohio is where Tobien suffered the physical injuries from the dog attack that gave rise to the insurance claim. And Ohio is where Nationwide, an Ohio-based company, issued the underlying insurance policy to the homeowners. Tobien's Kentucky residence doesn't outweigh these other factors. *See Nationwide Mut. Ins. Co. v. Black*, 656 N.E.2d 1352, 1356 (Ohio Ct. App. 1995) (placing little weight on the domicile of a party when the parties had different domiciles).

Resisting this conclusion, Tobien relies almost exclusively on *Adams v. Medical Protective Co.*, No. 1:20-CV-170, 2022 WL 20840916 (S.D. Ohio Sept. 29, 2022). But that case cuts against Tobien.

In *Adams*, the plaintiffs brought a claim for violations of Kentucky's Unfair Claims Settlement Practices Act and a third-party bad-faith claim against an insurance company, just as Tobien does here. *Id.* at *2. And just as Tobien does, the plaintiffs in *Adams* argued for the application of Kentucky law, since some plaintiffs lived in Kentucky and the insurance claim was adjudicated in Kentucky. *Id.* at *9. But the *Adams* court did the exact opposite of what Tobien asks us to do here: it held that Ohio law governed the dispute. *Id.*

Indeed, Tobien's case shares three of the same features that led the *Adams* court to apply Ohio law. First, in both cases, the injuries that led the plaintiffs to seek compensation from the insurance companies occurred in Ohio, since that's where the dog attacked Tobien. *Id.* Second, just as in *Adams*, Tobien has previously sued the alleged tortfeasors—here, the owners of the home where Tobien was attacked—in an Ohio federal court. *Id.*; *see also* Compl., *Tobien v. Kern*, No. 1:24-CV-00164-MWM (S.D. Ohio filed Mar. 27, 2024). And just as in *Adams*,

the homeowners' insurance contract on which Tobien bases his bad-faith claim was entered into in Ohio. *Adams*, 2022 WL 20840916, at *9; *see* R. 8, Pg. ID 51. Accordingly, even the case on which Tobien places the heaviest reliance shows that Ohio substantive law would govern this case in the event of a transfer to the Southern District of Ohio.

Finally, Tobien's claims would fail as a matter of Ohio substantive law. First, his bad-faith claim would fail because Tobien, as a third-party claimant not covered by the home insurance policy, "has no cause of action for bad faith against the tortfeasor's insurance company" under Ohio law—at least where that third-party claimant hasn't already obtained a judgment against the tortfeasor, which Tobien hasn't done. *Grimberg v. Blackbird Baking Co.*, 208 N.E.3d 111, 120 (Ohio Ct. App. 2023) (citation omitted). Second, Tobien's claim for breach of Kentucky's Unfair Claims Settlement Practices Act would fail because, as already explained, Kentucky law would not apply to Tobien's case. And third, with no underlying rights violation, Tobien's freestanding claim for punitive damages would fail as well.

In sum, Tobien's claims would be subject to dismissal upon transfer to the Southern District of Ohio. Accordingly, the district court did not err in concluding otherwise. Since that's the only basis on which Tobien challenges the district court's dismissal, the district court did not abuse its discretion when it refused to transfer Tobien's lawsuit.

*             *             *

We affirm.